## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL A. PIERCE, #91497,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 20-cv-00185-JPG |
| ) | |
| **GRANITE CITY POLICE DEPT.** ) | |
| **AND JOHN DOE 1,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Michael Pierce, a detainee at Madison County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). In the Complaint, Plaintiff claims that Granite City Police Department and Officer John Doe 1 violated his rights under federal and state law while conducting a routine traffic stop of Plaintiff during a late night bike ride through the city in January 2020. (*Id*. at 1-3). He now faces criminal charges for the events that transpired. (*Id*. at 1) (citing Case No. 2020-CF-328). Plaintiff seeks money damages from Granite City Police Department and Officer Doe 1. (*Id*.).

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 1-3): Granite City Police Department and Granite City Officer John Doe 1 violated Plaintiff's rights under federal and state law by stopping him and searching him for weapons in January 2020. (*Id*. at 2). At the time, Plaintiff and a friend (Don Thornberry)[1] were riding their bicycles through the city at 11:30 p.m. Officer Doe 1 stopped Plaintiff and Thornberry for failing to display a headlamp or light while riding their bikes at night. The officer requested Plaintiff's identification, but Plaintiff said he had none. The officer then took Plaintiff's and Thornberry's information and asked another officer to review records for any outstanding warrants. While awaiting a response, Officer Doe 1 frisked Thornberry and searched Plaintiff for weapons. Plaintiff claims that the officer lacked probable cause when doing so. He challenges the weapons search under the Fourth and/or Fourteenth Amendments of the United States Constitution. He also brings numerous claims under Illinois state constitutional and tort law. (*Id*.).

Based on the allegations, the Court finds it convenient to organize the *pro se* Complaint into the following enumerated Counts:

**Count 1:** Fourth and/or Fourteenth Amendment claim against Defendants for the unlawful stop of Plaintiff in Granite City in January 2020.

**Count 2:** Fourth and/or Fourteenth Amendment claim against Defendants for the unlawful search of Plaintiff in Granite City in January 2020.

**Count 3:** Second Amendment claim under the Constitution of the State of Illinois for the unlawful stop of Plaintiff in Granite City in January 2020.

**Count 4:** Sixth Amendment claim under the Constitution of the State of Illinois for the unlawful weapons search of Plaintiff in Granite City in January 2020.

**Count 5:** Malicious prosecution claim against Defendants under Illinois state law.

---

[1] Don Thornberry is not a party to this action, and Plaintiff cannot assert any claims on behalf of his.

      **Count 6:**      False imprisonment claim against Defendants under Illinois state law.

      **Count 7:**      Failure-to-train claim against Defendants under Illinois state law.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).**

## Discussion

### Counts 1 and 2

The Fourth Amendment prohibits unreasonable searches and seizures and is made applicable to the States through the Fourteenth Amendment. *Terry v. Ohio*, 392 U.S. 1, 31 (1968) (citing *Mapp v. Ohio*, 367 U.S. 643 (1961)). District courts faced with Fourth Amendment claims filed by an arrestee or pretrial detainee must consider whether a judgment in Plaintiff's favor in the Section 1983 action would necessarily imply the invalidity of the conviction or sentence and, if so, the claim must be dismissed unless the conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). *Heck* extends to pending criminal cases. *Washington v. Summerville*, 127 F.3d 552, 556 (7th Cir. 1997) (citing *Smith v. Holtz*, 87 F.3d 108, 112-13 (3d Cir.), *cert. denied*, 519 U.S. 1041 (1996)). *Heck* appears to pose no bar to Counts 1 and 2.[2]

However, these claims are nevertheless subject to dismissal for failure to state a claim for relief against Defendants. The Fourth Amendment does not prohibit an officer from conducting an investigatory stop of an individual when the officer has reasonable suspicion that a crime has occurred. *D.Z. v. Buell*, 796 F.3d 749, 754 (7th Cir. 2015) (citing *Terry*, 392 U.S. at 31). These stops, often referred to as *Terry* stops, are permissible as long as an officer has "a reasonable

---

[2] *See Copus v. City of Edgerton*, 151 F.3d 646, 648-49 (7th Cir. 1998) (noting that it is possible for a person to be properly convicted, even if he was unlawfully arrested or his home unlawfully searched). *See also Washington*, 127 F.3d at 556 (citing *Booker v. Ward*, 94 F.3d 152 (7th Cir. 1996) (like other Fourth Amendment claims, a wrongful arrest claim "does not inevitably undermine a conviction because a plaintiff can wage a successful wrongful arrest claim and still have a perfectly valid conviction.")).

articulable suspicion that criminal activity is afoot." *See Buell*, 796 F.3d at 754 (citing *United States v. Riley*, 493 F.3d 803, 808 (7th Cir. 2007) (quoting *United States v. Lawshea*, 461 F.3d 857, 859 (7th Cir. 2006)). *See also Terry v. Ohio*, 392 U.S. at 31.  The requisite level of suspicion is *less than* probable cause.  *United States v. Sokolow*, 490 U.S. 1, 7 (1989).  Even minor traffic violations justify an officer's decision to conduct an investigatory stop.  *See, e.g., Delaware v. Prouse*, 440 U.S. 648, 649 (1979); *Madison v. City of Evansville*, 2015 WL 9455670, at *9 (S.D. Ind. 2015) (cyclist's failure to stop at stop sign justified officer's decision to conduct investigatory stop).  Plaintiff's decision to ride his bicycle at night without a headlamp or headlight is sufficient to warrant a stop.  Moreover, questions concerning a plaintiff's identity are typically considered routine and accepted parts of a *Terry* stop.  *See Hiibel v. Sixth Judicial Dist. Court of Nevada, Humboldt Cnty.*, 542 U.S. 177, 185 (2004) (citing cases) ("In the ordinary course a police officer is free to ask a person for identification without implicating the Fourth Amendment.").  The subsequent search of Plaintiff for weapons, mentioned only in passing in the Complaint, does not raise constitutional concerns at this point.  Plaintiff's factual allegations fall short of stating any Fourth Amendment claim against Officer John Doe 1 under the standard set forth in *Twombly*.  They also support no claim upon which relief may be granted.  *See Terry*, 392 U.S. at 30 (police officer who suspected defendant was planning daytime robbery and conducted a pat down search of his outer clothing that did not involve placement of hands inside pockets or under the surface of suspect's garments until discovery of weapon did not violate Fourth Amendment).

### Counts 3 through 7

The Court's jurisdiction over Plaintiff's state law claims in Counts 3, 4, 5, 6, and 7 is conferred by 28 U.S.C. § 1367, which authorizes a district court to exercise supplemental jurisdiction over state law claims when the state claims "are so related to [the federal claims] that

4

they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  When a district court dismisses all claims over which it has original jurisdiction, however, the district court has discretion to either retain jurisdiction over the supplemental claims or dismiss them.  28 U.S.C. § 1367(c)(3); *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 717 (7th Cir.), *cert. denied*, 525 U.S. 870 (1998).  The general rule is to dismiss the pendent state law claims.  *See* 28 U.S.C. § 1367(c)(2), (3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988).  The Court will follow the general rule here.  Counts 3 through 7 shall be dismissed without prejudice.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice. **COUNTS 1** and **2** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted, and **COUNTS 3, 4, 5, 6,** and **7** are **DISMISSED** without prejudice because the Court declines to exercise supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(c)(2), (3).  This Order does not preclude Plaintiff from pursuing Counts 3 through 7 in Illinois state court.

If he wishes to re-plead any of the claims in this case, Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **August 26, 2020**.  Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.  FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamming*a, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

If he does choose to proceed, it is strongly recommended that Plaintiff use the civil rights

complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 20-cv-00185-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider along with it. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 7/29/2020**

s/J. Phil Gilbert<br>
**J. PHIL GILBERT**<br>
**United States District Judge**