IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL A. PIERCE, #91497,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 20-cv-00185-JPG |
| ) | |
| **GRANITE CITY POLICE DEPT.** ) | |
| **and JOHN DOE 1,** ) | |
| ) | |
| **Defendants.** ) | |

## **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

On February 18, 2020, Plaintiff Michael Pierce filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). He brought claims against Granite City Police Department and Officer John Doe 1 for violations of his state and federal rights during a routine traffic stop that resulted in criminal charges against him. (*Id.*). The Complaint did not survive preliminary review under 28 U.S.C. § 1915A, and the Court dismissed it without prejudice on July 29, 2020. (Doc. 8).

Plaintiff was granted leave to file an Amended Complaint on or before August 26, 2020. (*Id.*). However, he was warned that the action would be dismissed with prejudice, if he failed to do so by the deadline. (*Id.*). He was also warned that the dismissal would count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). (*Id.*).

Plaintiff missed the deadline for filing the Amended Complaint on August 26, 2020. At least a week has passed since the deadline expired. He has not requested an extension.

The Court will not allow this matter to linger indefinitely. This action shall be dismissed with prejudice for failure to comply with the Court's Order (Doc. 8) to file an Amended Complaint

1

and/or to prosecute his claims.  *See* FED. R. CIV. P. 41(b).  The dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice based on Plaintiff's failure to comply with the Order (Doc. 8) to file an Amended Complaint and his failure to prosecute his claims.  *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).  This dismissal counts as a "strike" within the meaning of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(a)(1)(A).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999).  He must list each of the issues he intends to appeal in the notice of appeal.  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 9/2/2020**                                   s/J. Phil Gilbert
                                                      **J. PHIL GILBERT**
                                                      **United States District Judge**